**Trevor DRAKES, Petitioner**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent**

No. 4:CV–00–0499.

United States District Court,
M.D. Pennsylvania.

June 3, 2002.

Daniel Isaiah Siegel, Assistant Public Defender, Federal Public Defender's Office, Harrisburg, for petitioner.

Kate L. Mershimer, Assistant United States Attorney, U.S. Attorney's Office, Harrisburg, Matthew R. Hall, Esquire, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER

McCLURE, District Judge.

### BACKGROUND:

Trevor Drakes is a criminal alien subject to a final order of removal. Leading to his removal order were two state convictions for forgery. Drakes has filed with this court an amended petition under 28 U.S.C. § 2241 for a writ of habeas corpus. In his amended petition, Drakes challenges his removal order by seeking to invalidate the state convictions. The Immigration and Naturalization Service (INS) has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended petition. According to the INS, two recent Supreme Court cases command that an alien in Drakes's position may not, under § 2241, challenge a removal order by contesting the legality of an underlying state conviction. We agree with the INS, and we will dismiss Drakes's amended petition.

### DISCUSSION:

#### I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) admits the well-pleaded allegations of the complaint but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). In reviewing a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations of the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey v. Wettlin*

*Assoc., Inc.,* 237 F.3d 270, 272 (3d Cir. 2001) (citation omitted).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.,* 229 F.3d 194, 195–96 (3d Cir.2000) (citing *Alexander v. Whitman,* 114 F.3d 1392, 1398 (3d Cir. 1997)). "The issue [under Rule 12(b)(6)] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Maio v. Aetna, Inc.,* 221 F.3d 472, 482 (3d Cir.2000) (citations and internal quotation marks omitted).

## II. FACTS AND PROCEDURAL HISTORY

Drakes, a native of Guyana, has lived in the United States since 1981. On August 12, 1998, Drakes was stopped by a Delaware State Police officer for a traffic violation. Upon signing a number of traffic tickets, he provided the police with a false name. At the time Drakes was stopped, he was a lawful permanent resident of the United States.

On March 2, 1999, Drakes pleaded guilty in Delaware state court to two counts of second-degree forgery. The Delaware trial court sentenced Drakes to two years' imprisonment, suspended for time served, followed by two years of probation.

On March 4, 1999, while Drakes was on state probation, the INS initiated removal proceedings by issuing Drakes a Notice To Appear. The Notice to Appear charged Drakes with being a deportable alien by virtue of his having committed the Delaware forgery, which was considered to be an aggravated felony. A few days later, he was taken to the York County Prison, where he was incarcerated by the INS.

On May 10, 1999, the immigration judge terminated the removal proceedings, ruling that Drakes's crime did not satisfy the statutory definition of "aggravated felony." The INS appealed to the Board of Immigration Appeals (Board). Finding that Drakes's offense did in fact constitute an aggravated felony for removal purposes, the Board reversed the immigration judge's decision and ordered that Drakes be removed to Guyana. Drakes filed with the Third Circuit a petition for review challenging the Board's decision. The Third Circuit agreed with the Board that Drakes committed an aggravated felony, and it dismissed Drakes's petition. *Drakes v. Zimski,* 240 F.3d 246, 251 (3d Cir.2001). The INS's removal order stands today.

On August 3, 1999, after Drakes had been in INS custody for approximately five months, Drakes was discharged from probation, effectively ending his state sentence. (Criminal Docket at 2, Petitioner's Exhibit A, Rec. Doc. No. 22.) On December 8, 1999, which was after he completed his state sentence and during the time that he was in federal custody pending his immigration proceedings, Drakes filed with the Delaware state court a motion for post-conviction relief. The Delaware court denied the motion on the grounds that Drakes was no longer in Delaware state custody. *State v. Drakes,* Nos. IK–98–09–0059–R1, IK–98–09–0061–R1, 1999 WL 1222689, at *1 (Del.Super. December 8, 1999).

After having counsel appointed, Drakes filed the instant amended petition with this court. Drakes's amended petition challenges the legality of his underlying Delaware convictions. We directed the INS to address the question of whether we had jurisdiction under § 2241 to consider a collateral challenge to Drakes's state convictions. After procedural delays pending

the Third Circuit's review of the Board's decision on the classification of Drakes's crimes, the INS responded to Drakes's § 2241 petition by filing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended petition. Drakes did not file a brief responsive to the 12(b)(6) motion.

### III. ANALYSIS

Section 2241 grants district courts jurisdiction to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3).

The Immigration and Naturalization Act (INA) provides that an alien convicted of an "aggravated felony" at any time after admission is deportable. INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii); see also Drakes, 240 F.3d at 248. In its decision reviewing the Board's removal order, the Third Circuit determined that Drakes did indeed commit an aggravated felony that rendered him deportable. Drakes, 240 F.3d at 251.

While Drakes does not—and cannot now—dispute that the state forgery offenses are properly characterized as aggravated felonies, he challenges his status as a removable alien by contending that the Delaware forgery convictions were obtained in violation of federal law. Specifically, he asserts that his state criminal proceedings were encumbered by the following three defects: (1) he received ineffective assistance of counsel; (2) his guilty plea was not knowing or intelligent; and (3) his rights under the Vienna Convention on Consular Relations were violated.

We note that a federal district court generally has jurisdiction to review a § 2241 petition such as Drakes's. Immigration and Naturalization Service v. Cyr,

533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The INS contends, however, that two recent Supreme Court cases command that an alien in Drakes's position may not, under § 2241, challenge a removal order by contesting the legality of an underlying state conviction. The INS points out that Drakes seeks to invalidate his removal order by challenging the legality of his state forgery sentences, and it asserts that a § 2241 petitioner in this situation is without a remedy.

The Supreme Court cases cited by the INS are Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) and its companion case, Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Both cases featured a prisoner attempting to use collateral-review procedures to invalidate previous state convictions that enhanced the sentence that he was currently serving.

In Daniels, the defendant was convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm. Based on his prior state convictions, the defendant was determined to be an armed career criminal, and his sentence was enhanced under a statute that imposed a mandatory minimum sentence on anyone who violates § 922(g)(1) and has three previous violent felony convictions. After an unsuccessful direct appeal, the defendant sought relief under 28 U.S.C. § 2255, alleging that two of the prior state convictions were unconstitutional. According to the defendant, his convictions were obtained as a result of inadequate guilty pleas and ineffective assistance of counsel.

In Coss, a state prisoner filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He contended that certain prior state convictions—i.e., ones that he had already served but that had influenced

the calculation of his current sentence— were products of ineffective assistance of counsel.

In *Daniels* and *Coss,* the court addressed to what extent a § 2254 or § 2255 movant may challenge a current sentence on the grounds that a prior conviction used to enhance the current sentence was illegally obtained. Addressing the issue in the context of § 2255, the Court in *Daniels* held that "[i]f a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies (or because the defendant did so unsuccessfully), then the defendant is without recourse." *Daniels,* 532 U.S. at 382, 121 S.Ct. 1578. Modifying this statement, the Court ruled that "[t]he presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *Id.* In *Coss,* the Court simply expanded this holding "to cover § 2254 petitions directed at enhanced state sentences." *Coss,* 532 U.S. at 402, 121 S.Ct. 1567.

The Court based its decisions primarily on two policy considerations: "finality of convictions and ease of administration." *Id.*

The Court first addressed the interest of final judgments. It noted that a state prisoner has the opportunity for review in multiple proceedings, including direct appeal, state postconviction review, and federal habeas relief under § 2254. *Id.* at 402–403, 121 S.Ct. 1567. It emphasized, however, that "these vehicles for review . . . are not available indefinitely and without limitation." *Daniels,* 532 U.S. at 378, 121 S.Ct. 1578. It cited the fact that the prisoner could possibly procedurally default his claim or fail to prove a constitutional violation, and it stated that "[i]n each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment." *Coss,* 532 U.S. at 403, 121 S.Ct. 1567.

The Court also cited as an additional policy "the ease of administration of challenges to expired state convictions." *Id.* According to the Court, if prisoners would be allowed to challenge collaterally prior convictions in these circumstances, courts would be forced to consult "frequently nonexistent or difficult-to-obtain state-court transcripts or records." *Daniels,* 532 U.S. at 378, 121 S.Ct. 1578.

The Court noted two exceptions to its new rule. First, it made clear that a defendant may challenge the prior conviction where the Sixth Amendment was violated by a failure to appoint counsel. *Id.* at 382, 121 S.Ct. 1578; *Coss,* 532 U.S. at 404, 121 S.Ct. 1567. Second, it suggested—but expressly declined to carve out— an exception in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels,* 532 U.S. at 384, 121 S.Ct. 1578, *accord Coss,* 532 U.S. at 405–406, 121 S.Ct. 1567.

*Daniels* and *Coss* control the disposition of Drakes's petition. In a situation analogous to those of the defendants in *Daniels* and *Coss,* Drakes is seeking to challenge his removal order by arguing the illegality of previous state convictions. As with the defendants in *Daniels* and *Coss,* Drakes had the opportunity to challenge his state convictions. He did not file a timely direct appeal, and by the time he filed his motion for state postconviction relief, he was finished serving the state sentence, and thus his motion was untimely. *See Drakes,* 1999 WL 1222689, at *1. In addition to failing to utilize his opportunity to benefit from Delaware's postconviction procedures, he missed his chance to file a

§ 2254 petition with a federal court. Drakes failed to take advantage of available postconviction remedies, and the forgery convictions are no longer in their own right open to direct or collateral attack. In these circumstances, he is "without recourse."

Drakes is not subject to either of the Court's articulated exceptions. First, he was represented by counsel throughout his state-court criminal proceedings. Second, as stated, his situation was not such that he was unable, through no fault of his own, to challenge his state convictions. Rather, there was a five-month window in which he could have sought review of the Delaware proceedings.

We realize that while *Daniels* and *Coss* addressed submissions under § 2255 and § 2254 and dealt with challenges only to extra time in a prison sentence, we in this case are considering a petition filed under § 2241 and are analyzing a challenge to a final order of deportation, a sanction that may well be deemed more severe than an enhancement of a prison sentence.

The reasons for and against allowing the type of challenge Drakes makes in the instant case were thoroughly discussed in *Taveras–Lopez v. Reno,* 127 F.Supp.2d 598 (M.D.Pa.2000), a case decided before the Supreme Court issued its rulings in *Daniels* and *Coss. Taveras–Lopez* involved a § 2241 petitioner who was being deported based on an expired state drug conviction.

The *Taveras–Lopez* court began by setting forth three "compelling reasons" against allowing a challenge to a removal-causing expired state conviction. *Id.* at 603. First, it cited the "strong interest in the finality of convictions." *Id.* Second, it pointed out that the respondent of a § 2241 petition is the INS, not the state attorney who prosecuted the petitioner. Accordingly, a collateral attack on an expired state conviction would require the involvement of the state prosecutors, who in many cases would have no interest in vindicating a conviction for which the sentence was already served. Without the state prosecutors defending their convictions, "[c]ongressional policy to remove from the United States those who have committed serious crimes may thus be thwarted." *Id.* Third, it stated that by allowing § 2241 to be the avenue for a collateral challenge to an underlying state-court conviction, "the strong congressional interest in streamlining the removal process would be circumvented." *Id.*

The court next noted that "[t]here are ... countervailing considerations." *Id.* First, it pointed out that "[d]eportation is a drastic sanction," describing it as "at times equivalent of banishment or exile." *Id.* (quoting *Wallace v. Reno,* 24 F.Supp.2d 104, 112 (D.Mass.1998) (internal quotation marks omitted). It stated that "[c]ourts should be reluctant to permit the bare fact of conviction to result in removal where there may not have been an opportunity to mount an attack on a constitutionally-suspect conviction." According to the court, this premise "may be especially true where ... a guilty plea results in a short sentence, one which a person could view as a benefit while not taking into account the consequence of deportation lurking in the background." *Id.* at 603–604. Continuing this thought, it remarked that "[a] lawful permanent resident alien ... convicted of a crime carrying a relatively short sentence followed by a lifetime banishment from the United States, should not lightly be denied" an opportunity to test in federal court the constitutionality of his conviction. *Id.* at 604.

While *Taveras–Lopez* raises some valid points, we reemphasize that it was decided before *Daniels* and *Coss.* We believe that *Daniels* and *Coss* dictate that Drakes may not successfully make the challenge he at-

tempts. Drakes's case invokes the interests that were present in *Daniels* and *Coss*. The State of Delaware has an interest in preserving the finality of Drakes's forgery convictions, and this court should not be burdened with trying to locate obscure documents associated with Delaware's state court system.

Further, as underscored in *Taveras–Lopez*, Delaware's state prosecutors may not have an interest in defending Drakes's expired state conviction, and allowing Drakes to challenge his Delaware conviction during federal immigration proceedings would undermine Congress's goal of expeditiously removing criminal aliens. The state prosecutors are not the respondents in this case.

The reasons cited in *Taveras–Lopez* in favor of allowing a Drakes-type challenge are inapplicable here. While Drakes may have had a short state sentence, he was in INS custody during the time that his state probationary sentence was still in effect. Certainly, he was then aware that deportation was a possible, and, indeed, a highly likely consequence of his crime, but he failed to take advantage of the postconviction remedies available to him.

We see no reason why the teachings of *Daniels* and *Coss* should not apply with equal force to the instant case. While the Third Circuit has not yet addressed the issue, at least one other district court within the Third Circuit has extended the holdings of *Daniels* and *Coss* to § 2241 petitions filed by removable aliens. *Neyor v. INS*, 155 F.Supp.2d 127, 138 (D.N.J.2001). We hold likewise.

Drakes's § 2241 petition presents a collateral challenge to state convictions that are not in their own right subject to collateral review. Based on *Daniels* and *Coss*, Drakes is without a remedy.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The INS's motion to dismiss (Rec. Doc. No. 31) is granted.

2. Drakes's amended petition for a writ of habeas corpus is dismissed.

3. The clerk is directed to close the case file.