**PLUMMER**

v.

**ASHCROFT**

No. 3:01CV2164(JBA).

United States District Court,
D. Connecticut.

April 17, 2003.

Christopher D. Plummer, Oakdale, LA, pro se.

Krishna R. Patel, U.S. Attorney's Office, New Haven, CT, for John Ashcroft.

Deborah R. Douglas, U.S. Attorney's Office, New Haven, CT, for INS.

### Ruling on Petition Under § 2241 [Doc. # 2]

ARTERTON, District Judge.

Christopher Plummer has filed a petition under 28 U.S.C. § 2241 requesting relief from a final order of deportation. For the reasons set forth below, the petition is denied.

## I. Background

Plummer, a native and citizen of Jamaica, entered the United States on August 26, 1992. On May 12, 2000, he pled guilty to larceny in the second degree, in violation of Conn. Gen.Stat. § 53a–123(a)(3), and was sentenced to three years of incarceration (execution to be suspended after serving 18 months) and three years probation. On January 29, 2001, the Immigration and Naturalization Service ("INS") instituted removal proceedings, asserting that Plummer was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). A hearing before an Immigration Judge ("IJ") was held, with Plummer represented by counsel. The INS introduced the certified judgment and conviction record into evidence, and the IJ held that larceny in the second degree under Conn. Gen Stat 53a–123(a)(3) constituted a "theft offense" for purposes of 8 U.S.C. § 1101(a)(43)(G). Plummer appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed on December 21, 2001.[1]

---

**1.** While Plummer argued that the statute is a      divisible statute whereby some of the subsec-

Plummer filed the instant *pro se* petition under § 2241.[2] In the petition and supplemental filings, Plummer asserts that: (1) his underlying conviction is invalid because he was forced to plea guilty and because he was not indicted by a grand jury; (2) his underlying conviction is not for an "aggravated felony"; (3) he is eligible for discretionary relief under Immigration and Naturalization Act ("INA") §§ 212(c) and 212(h); (4) his current detention without bond is unlawful; and (5) he received ineffective assistance of counsel before the IJ and the BIA.[3] The Government opposes the petition.

## II. Analysis

### A. Collateral Attack

Plummer asserts that his conviction for larceny in the second degree cannot support an order of removal because: (1) it is based on insufficient evidence; (2) he was forced to plead guilty; (3) his counsel was ineffective and did not warn him of the deportation consequences; and (4) he was not indicted by a grand jury, as allegedly required by the Fifth Amendment. Plummer does not allege, however, that his underlying conviction has been successfully collaterally attacked, and the time for filing a direct appeal has clearly passed.

The question of whether Plummer was "convicted" of an aggravated felony is answered by reference to 8 U.S.C. § 1101(a)(48), which defines the term "conviction":

(A) The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

(B) Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

8 U.S.C. § 1101(a)(48).

In his petition, Plummer states that he entered a plea of guilty and that a sentence of incarceration (partially suspended) and probation was imposed. Thus, Plummer "entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt," 8 U.S.C. § 1101(a)(48)(A)(i), and "the judge ... ordered some form of punishment, penalty, or restraint on [his] liberty to be imposed," 8 U.S.C. § 1101(a)(48)(A)(ii), rendering Plummer "convicted" of the crime, notwithstanding his current collateral challenges. Moreover, Plummer's conviction qualifies as a conviction even under the pre- § 1101(a)(48) "finality" test of *Montilla v. INS*, 926 F.2d 162, 164 (2d Cir.1991) and *Marino v. INS*, 537 F.2d

tions require an intent to deprive of property and some do not and thus the INS failed to establish that his conviction was a theft offense. The BIA concluded that the criminal intent necessary for a theft offense under federal immigration law is an element of the offense of larceny in the second degree.

**2.** Under 28 U.S.C. § 2241, this Court retains jurisdiction to entertain some challenges to final orders of deportation. *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

**3.** Because, as set out below, these arguments are without merit, Plummer's larceny conviction supports his deportation and the Court need not address his arguments regarding the marijuana conviction.

686, 691–692 (2d Cir.1976), as it is claimed only to be subject to pending, not successful, collateral attack under 28 U.S.C. § 2254.

In short, given the undisputed fact of a conviction, this § 2241 petition cannot be used to challenge Plummer's underlying state conviction, nor can Plummer litigate in this petition the consequences of any possible future determination of invalidity of the state conviction. *E.g., Montilla,* 926 F.2d at 164; *Marino,* 537 F.2d at 691–692; *Contreras v. Schiltgen,* 122 F.3d 30, 32 (9th Cir.1997); *De Kopilchak v. INS,* No. 98 Civ. 7931 RCC JCF, 2000 WL 278074 at *1 (S.D.N.Y. Mar.14, 2000); *Drakes v. INS,* 205 F.Supp.2d 385 (M.D.Pa.2002); *Reyna–Guevara v. Pasquarell,* No. Civ. A.SA–02–CA–481–O, 2002 WL 1821619 at *2 (W.D.Tex. July 2, 2002); *cf. also Carranza v. INS,* 89 F.Supp.2d 91, 96 (D.Mass.2000) (reaching same result based on failure to exhaust theory); *Taveras–Lopez v. Reno,* 127 F.Supp.2d 598 (M.D.Pa.2000) (same).

B. Aggravated Felony

■ Plummer asserts that larceny in the second degree does not constitute an "aggravated felony" and thus his conviction cannot serve as a basis for deportation. Plummer was convicted of violating Conn. Gen.Stat. § 53a–123(a)(3), *see* [Doc. # 8 Ex. B], which provides: "A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a–119, and ... the property, regardless of its nature or value, is taken from the person of another ...." Section 53a–119, in turn, provides: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." The statute then goes on to list sixteen specific types of conduct which are included in the term "larceny," such as "theft of utility service" and "air bag fraud." In keeping with the express terms of the statute, the Connecticut Supreme Court has recently re-affirmed that larceny requires "the existence of a felonious intent to deprive the owner of the property permanently." *State v. Calonico,* 256 Conn. 135, 160, 770 A.2d 454 (2001) (*citing State v. Marra,* 174 Conn. 338, 342, 387 A.2d 550 (1978); *State v. Fernandez,* 198 Conn. 1, 20, 501 A.2d 1195 (1985)).

■ Plummer's conviction under Conn. Gen.Stat. § 53a–123(a)(3) is a conviction for an aggravated felony. Aggravated felonies include, *inter alia,* "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Second degree larceny is a clearly a "theft offense," especially in light of the Connecticut Supreme Court's clarification that an essential element of larceny a felonious intent to deprive the owner of the property permanently. *See Hernandez–Mancilla v. INS,* 246 F.3d 1002, 1009 (7th Cir.2001) (a theft offense is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent"); *United States v. Vasquez–Flores,* 265 F.3d 1122, 1125 (10th Cir.2001) (adopting *Hernandez–Mancilla* definition); *see also United States v. Corona–Sanchez,* 234 F.3d 449, 453–455 (9th Cir.2000); *United States v. Dabeit,* 231 F.3d 979, 983 (5th Cir.2000). The " 'actual term imposed is ordinarily the definitional touchstone' " of whether the statute's one year durational requirement is satisfied, *United States v. Pacheco,* 225 F.3d 148, 154 (2d Cir.2000) (*quoting United States v. Graham,* 169 F.3d 787, 790 (3d Cir.1999)), and here a three year sentence (execution suspended after serving eighteen months)

was imposed, thus satisfying this requirement.

### C. Discretionary Relief

■ Plummer asserts that he is eligible for relief under former INA §§ 212(c) and 212(h) "[b]ecause INA [§§ ] 212(c) and 212(h) as amended by AEDPA and IIRIRA [are] unconstitutional and improper[ly] retroactively applied to petitioner" and "[b]ecause the respondents['] retroactive application of [those sections] is contrary to the plain meaning of the Statute itself." [Doc. # 2] at 8. Plummer invokes INA § 212(c)[4] (now repealed), which "allowed the Attorney General to 'waive the grounds for deportation under certain conditions in the case of a lawfully admitted permanent resident in deportation proceedings,' " *Domond v. INS*, 244 F.3d 81, 83 (2d Cir.2001) (*quoting St. Cyr v. INS*, 229 F.3d 406, 410 (2d Cir.2000), *aff'd*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)), and INA § 212(h),[5] which authorizes the Attorney General to waive deportability in certain cases of extreme family hardship, *see Jankowski–Burczyk v. INS*, 291 F.3d 172, 175 (2d Cir.2002).[6]

Plummer correctly notes that the Antiterrorism and Effective Death Penalty Act ("AEDPA")[7] and Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA")[8] worked substantial changes in the INA, including the elimination of 212(c) relief. *See St. Cyr*, 229 F.3d at 411. He is also correct that the law was previously unsettled as to the retroactive application of AEDPA's and IIRIRA's repeal of

§ 212(c) as to those aliens who committed crimes before AEDPA's 1996 enactment and the 1997 effective date of the final IIRIRA rules. *See Domond*, 244 F.3d at 84–86. However, the larceny offense for which Plummer was convicted was committed "on or about 6/2/99," *see* Certified Copy of Information filed in Connecticut Superior Court (attached as exhibit to [Doc. # 2] ), and Plummer was convicted on May 12, 2000. Thus, the retroactivity issues surrounding AEDPA's repeal of § 212(c) have no application to Plummer's situation.[9]

■ IIRIRA similarly worked significant changes in the availability of § 212(h) relief. While "[p]rior to 1996, the Attorney General had discretion to grant a § 212(h) waiver to any alien other than one who had committed a short list of offenses," *Jankowski–Burczyk*, 291 F.3d at 175, IIRIRA sharply expanded the list of offenses to precluding eligibility for 212(h) relief to include conviction of an aggravated felony, *id.* (*citing* INA § 212(h) as amended by IIRIRA § 348(a)). Ineligibility based on commission of an aggravated felony applies only to lawful permanent residents, however:

> The upshot of the 1996 amendment, as interpreted by the BIA and as applied by the INS, is that an LPR is categorically ineligible for a form of relief that a non-LPR would be eligible to seek, even if the two aliens committed the same aggravated felony and even if the citi-

4. 8 U.S.C. § 1182(c).

5. 8 U.S.C. § 1182(h).

6. As the Second Circuit noted in *Jankowski–Burczyk*, while INA § 212(h) speaks in terms of admissibility of aliens, "by a quirk elsewhere in the INA, § 212(h) in effect allows for a waiver of deportability as well." *Id.* at 175 (footnote omitted).

7. Pub.L. No. 104–132, 110 Stat. 1214.

8. Pub.L. No. 104–208, 110 Stat. 3009.

9. In any event, these issues have been resolved in this Circuit. *See Mohammed v. Reno*, 309 F.3d 95, 102–103 (2d Cir.2002).

zenship or immigration status of their family members was identical.

*Id.* at 175; *accord United States v. Fernandez–Antonia,* 278 F.3d 150, 160 (2d Cir.2002). Once again, Plummer has no claim to § 212(h) relief, as he is a lawful permanent resident who committed an aggravated felony, and there can be no claim of impermissible retroactivity because Plummer was convicted after the effective date of IIRIRA's modification of § 212(h).

Finally, Plummer's broad assertion that §§ 212(c) and (h) are unconstitutional, by which he apparently means that the lack of availability of discretionary relief is unconstitutional, lacks any particularization. As Plummer advances no specific argument as to why Congress acted impermissibly when it determined that certain criminal aliens are not eligible for a discretionary waiver of deportation, the Court is unable to assess the merits of this claim beyond referring generally to the axiomatic power of Congress to make rules regarding the admission and exclusion of aliens. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 695, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *Mathews v. Diaz,* 426 U.S. 67, 79–80, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).[10]

### D. Lawfulness of Present Detention

■ Plummer asserts that his current detention by the INS is unconstitutional. Although Plummer's appeal was dismissed by the BIA on December 21, 2001, Plummer requested this Court stay his deportation. *See* [Doc. # 2] at 8 ("Issue an order enjoining respondent's [sic] from removing or deporting petitioner until a full and complete hearing on the merits of this action and any extensions continuance [sic]

thereof, and any appeal therefrom has been entertained and exhausted."). The Court entered a stay on January 14, 2002 [Doc. # 7], and Plummer's removal has thus been prevented during the pendency of these proceedings. Thus, the delay in Plummer's deportation is attributable solely to his efforts to challenge his removal in this Court, and is not unlawful. *See, e.g., Abimbola v. Ashcroft,* No. 01 CV 5568, 2002 WL 2003186, at *7 (E.D.N.Y. Aug.28, 2002); *Guner v. Reno,* No. 00 Civ. 8802, 2001 WL 940576, at * 2 (S.D.N.Y. Aug.20, 2001); *Copes v. McElroy,* No. 98 Civ. 2589, 2001 WL 830673, at *6 (S.D.N.Y. July 23, 2001); *Lawrence v. Reno,* No. 00 Civ. 4559, 2001 WL 812242, at *1 (S.D.N.Y. July 18, 2001). In any event, the stay presently preventing Plummer's deportation is dissolved as set out below, and the claim is thus moot.

### E. Ineffective Assistance of Counsel

■ Plummer's assertion that his attorney in the deportation proceedings rendered ineffective assistance of counsel is without merit because Plummer has presented no evidence that his attorney was ineffective in failing to offer additional grounds to prevent deportation. As set out above, Plummer has been convicted of an aggravated felony and is thus subject to removal, and none of the grounds advanced in Plummer's petition have merit. Thus, they would have been just as unavailing if raised and argued before the IJ and BIA.

### III. Conclusion

For the reasons set out above, the petition [Doc. # 2] is DENIED and the stay of

---

**10.** By contrast, other aliens challenging these sections have advanced specific rationales as to why they are constitutionally infirm. In *Jankowski–Burczyk,* for example, the petitioner asserted that § 212(h) violated equal protection because discretionary relief remained available for aggravated felons who were *not* lawful permanent residents, but was denied to those who were. 291 F.3d at 174. The Second Circuit rejected this argument. *Id.* at 181.

deportation entered January 14, 2002 is dissolved. The Clerk is directed to close this case.

IT IS SO ORDERED.