

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2008

# Courtney Bailey v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2384

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Courtney Bailey v. Atty Gen USA" (2008). *2008 Decisions.* Paper 327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2384
_____

COURTNEY A. BAILEY,
                                        Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A37 460 522
Immigration Judge:  Jeffrey L. Romig

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2008

Before: SLOVITER, AMBRO and STAPLETON, Circuit Judges

Opinion filed: October 24, 2008

_____

OPINION
_____

PER CURIAM

    Courtney A. Bailey petitions for review of a final removal order of the Board of

Immigration Appeals (BIA).  For the reasons that follow, we will deny the petition.

    Bailey, a native and citizen of Jamaica, entered the United States as a lawful

permanent resident at the age of three. He was served with a Notice to Appear in 2007, charging him with being removable because he had committed a controlled substance violation, which also constituted an aggravated felony. An Immigration Judge (IJ) determined that Bailey was removable as charged, found him ineligible for asylum and withholding of removal, and denied his application for protection under the Convention Against Torture.

The BIA agreed that Bailey was removable based on his criminal conviction, and that he had failed to establish eligibility for any relief from removal. The BIA determined, inter alia, that there was "no support for [Bailey's] claim that he was denied constitutional due process by the Immigration Judge," as he had shown no prejudice, and held that Bailey's conviction was clearly final and could not be collaterally attacked in immigration proceedings. Bailey filed a timely petition for review.

Although Bailey lists six issues in his brief, he essentially raises two claims: first, that his removal order is unlawful because it is based on a "void" conviction, and that the IJ violated his right to due process by failing to allow him to present evidence showing that his conviction was void.[1] The Government argues that we lack jurisdiction to consider the petition for review.

---

[1] Bailey has not raised any issues concerning whether his conviction is an aggravated felony, nor has he raised issues concerning the denial of relief from removal. We therefore do not address these issues. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

2

Under section 242(a)(2)(C) of the Immigration and Nationality Act (INA) [8 U.S.C. § 1252(a)(2)(C)], we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed," inter alia, a controlled substance violation covered in INA § 212(a)(2). However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Because Bailey has been convicted of a controlled substance violation, in our review we may consider only constitutional issues, pure questions of law, and issues of application of law to uncontested facts. See Kamara v. Attorney General, 420 F.3d 202, 211 (3d Cir. 2005).

Thus, we have jurisdiction to consider Bailey's claims that his removal order is unlawful and that the IJ violated his due process rights. However, we find that these claims are without merit. Bailey argues that the IJ lacked jurisdiction to enter a removal order, because his conviction is "void." The IJ had jurisdiction to determine whether Bailey was removable, and jurisdiction vested when the Notice to Appear was filed with the Immigration Court. 8 U.S.C. § 1229a; 8 C.F.R. § 1003.14. The Government had the burden to establish by clear and convincing evidence that Bailey was removable based on his conviction. 8 U.S.C. § 1229a(c)(3). That same statute provides that "[a]n official record of judgment and conviction" constitutes proof of a criminal conviction. Id. The Government did submit an official record of Bailey's conviction. See A.R. 196-205.

3

Although Bailey apparently is attempting to attack this conviction through lawsuits in the federal courts, a conviction is final for immigration purposes when "procedures for a direct appeal have been exhausted or waived." Kabongo v. I.N.S., 837 F.2d 753, 758 (6th Cir. 1988). Pendency of post-conviction motions or other forms of collateral attack do not negate the finality of a conviction for immigration purposes. Paredes v. Attorney General, 528 F.3d 196, 198-99 (3d Cir. 2008). In addition, a conviction cannot be collaterally attacked in a removal proceeding. Urbina-Mauricio v. I.N.S., 989 F.2d 1085, 1089 (9th Cir. 1993); cf. Drakes v. I.N.S., 330 F.3d 600 (3d Cir.) (alien may not challenge constitutionality of conviction underlying removal order in federal habeas proceeding), cert. denied, 124 S. Ct. 541 (2003). The IJ lacked authority to consider whether Bailey's final conviction was "void."

Further, because Bailey could not challenge the validity of his conviction in immigration proceedings, he was not prejudiced by any evidence the IJ may have excluded concerning the validity of the conviction. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (alien is entitled to due process in removal proceedings, but must show substantial prejudice to prevail).

For the reasons stated above, we will deny the petition for review.