

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# Drakes v. INS

Precedential or Non-Precedential: Precedential

Docket No. 02-2886

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Drakes v. INS" (2003). *2003 Decisions.* Paper 425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 3, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2886

TREVOR DRAKES,
*Appellant*

v.

IMMIGRATION AND NATURALIZATION SERVICE

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-00499)
District Judge: Hon. James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before: SCIRICA, *Chief Judge*, SLOVITER and NYGAARD,
*Circuit Judges*

(Filed: June 3, 2003)

James V. Wade, Esquire
 Federal Public Defender for the
 Middle District of Pennsylvania
Daniel I. Siegel, Esquire
 Assistant Federal Public Defender
Harrisburg, PA 17101

Attorneys for Appellant

Thomas A. Marino
  United States Attorney
Kate L. Mershimer
  Assistant United States Attorney
United States Attorney's Office
Harrisburg, PA 17108-1754

Attorneys for Appellee

---

**OPINION OF THE COURT**

---

SLOVITER, *Circuit Judge.*

Trevor Drakes appeals from the District Court's order dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2241. The District Court held that a petitioner under section 2241 may not collaterally challenge the constitutionality of the underlying state conviction that was the basis for the Board of Immigration Appeals' ("BIA") order of removal. App. at 27 (*Drakes v. INS*, No. 4: CV-00-0499, slip op. at 1 (M.D. Pa. June 3, 2002)). We will affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

On August 12, 1998, Drakes, a native of Guyana, was stopped by the Delaware State Police for a traffic violation.[1] He signed a number of traffic tickets using a false name and was charged with forgery and related offenses. Following his arrest, Drakes was unable to make bail and remained in custody for six and a half months. Pet.'s Br. at 4.

On March 2, 1999, while represented by counsel, Drakes pled guilty in Delaware state court to two counts of second-degree forgery. He concedes that he signed a plea agreement and that the agreement contained language warning him that his plea could be grounds for removal.

---

1. Drakes was a lawful permanent resident of the United States at the time he was stopped.

Pet.'s Br. at 5. Drakes was sentenced to two years of imprisonment, which was suspended for time served, followed by two years of probation. Drakes did not challenge any aspect of the proceedings on direct appeal.

On March 4, 1999, as a result of his forgery convictions, the Immigration and Naturalization Service ("INS") initiated removal proceedings by issuing Drakes a Notice to Appear. In the Notice to Appear, the INS charged Drakes with being a deportable alien because his convictions for second-degree forgery constituted aggravated felonies under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). As such, the INS took him into custody.

On May 10, 1999, an Immigration Judge ("IJ") terminated the removal proceedings, ruling that Drakes's convictions did not satisfy the statutory definition of "aggravated felony." The INS appealed to the BIA which reversed the IJ's decision and held that Drakes's offense constituted an aggravated felony for removal purposes. On February 10, 2000, the BIA ordered that Drakes be removed to Guyana. Drakes then filed a petition for review with this court challenging the BIA's decision. On February 20, 2001, we upheld the BIA's decision that the Delaware forgery convictions constituted aggravated felonies for the purposes of removal and dismissed Drakes's petition for lack of jurisdiction. *See Drakes v. Zimski*, 240 F.3d 246, 251 (3d Cir. 2001).

In November 1999, while he was in INS custody pending the resolution of the INS' appeal to the BIA, Drakes moved for post-conviction relief in Delaware state court. At that time, his state sentence had effectively ended as he was discharged from probation on August 3, 1999. The Delaware state court denied the motion on the ground that Drakes was no longer in Delaware state custody. *See State v. Drakes*, 1999 WL 1222689, at *1 (Del. Super. Ct. Dec. 8, 1999).

Drakes, proceeding *pro se*, then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his two Delaware convictions violated the constitution and

seeking release from INS custody. On September 20, 2000, after the District Court granted Drakes's motion for appointment of counsel, Drakes filed an amended section 2241 habeas petition.[2] In his amended petition, Drakes again challenges the constitutionality of his Delaware convictions which the INS used to secure the order of his removal. Specifically, Drakes alleges that he received ineffective assistance of counsel, he did not enter his guilty plea knowingly and intelligently, and his rights under the Vienna Convention on Consular Relations were violated because he did not receive notice of his right to contact his consulate. App. at 8-11.

The District Court granted the INS' motion to hold briefing in abeyance pending this court's resolution of Drakes's petition for review of the removal order (raising the issue of whether a Delaware conviction for forgery constituted an aggravated felony)[3] and the Supreme Court's decisions in *Daniels* and *Coss*, cases bearing on the question of whether a prisoner in a habeas proceeding or motion to vacate sentence could collaterally attack an expired state conviction used to enhance his or her sentence. On April 25, 2001, the Supreme Court issued opinions in *Daniels v. United States*, 532 U.S. 374 (2001), and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). Based on these decisions, the INS moved to dismiss Drakes's habeas petition.

On June 3, 2002, the District Court granted that motion and dismissed Drakes's habeas corpus petition, finding that he did not have the right to challenge the constitutionality of his prior state convictions. App. at 31-40. Drakes timely appealed.

---

2. In his first petition, Drakes named the State of Delaware as respondent. In his amended petition, however, Drakes named the INS as respondent. App. at 7.

3. As previously noted, this court thereafter ruled that Drakes's convictions constituted aggravated felonies for purposes of removal. *Drakes*, 240 F.3d at 248-51.

## II.

## DISCUSSION

On appeal, Drakes contends that the District Court erred in holding that he was barred in a habeas proceeding from challenging the constitutionality of prior state convictions used to support his removal from the United States. Pet.'s Br. at 10. We have jurisdiction to review a district court's final order pursuant to 28 U.S.C. § 1291. Our review of a district court's legal conclusions is plenary. *Young v. Vaughn*, 83 F.3d 72, 75 (3d Cir. 1996).

We have not previously decided the issue of whether a habeas petitioner may challenge the constitutionality of a prior state conviction that provides the basis for an order of removal. However, the District Court's disposition of the issue has ample support. In *Giammario v. Hurney*, 311 F.2d 285, 287 (3d Cir. 1962), we held, in the context of a petition for review of a BIA order, that a petitioner could not challenge his underlying conviction even though it was the basis for the BIA's order of deportation.

Likewise, in *Custis v. United States*, 511 U.S. 485, 487 (1994), the Supreme Court held that a defendant in a federal sentencing proceeding may not collaterally attack the validity of a prior state conviction used to enhance his or her sentence under the Armed Career Criminal Act of 1984 ("ACCA"). Thereafter, the Supreme Court extended the *Custis* holding to cover petitioners pursuing a habeas petition or a motion to vacate sentence, holding that a petitioner may not challenge, with narrow exceptions, a prior conviction that is used to enhance his or her current sentence. *Daniels*, 532 U.S. at 382; *Coss*, 532 U.S. at 396-97. Although *Daniels* and *Coss* arose in the context of petitioners challenging their sentencing enhancements, rather than challenging an order of removal, the Supreme Court's analysis and reasoning apply equally here.

In *Daniels*, the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based on prior convictions, his sentence was enhanced under the ACCA, which imposes a mandatory minimum 15-year sentence on anyone who violates 18

U.S.C. § 922(g)(1) and has three prior convictions for a violent felony or a serious drug offense. After an unsuccessful direct appeal, Daniels moved for relief under 28 U.S.C. § 2255, alleging that two of his prior convictions were unconstitutional because they were based on guilty pleas that were not knowing and voluntary and because one conviction was the product of ineffective assistance of counsel. The Supreme Court held that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Daniels*, 532 U.S. at 382. Otherwise, "we would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly." *Id.* at 383.

Similarly, in *Coss* a state prisoner who filed a petition for a writ for habeas corpus pursuant to 28 U.S.C. § 2254 contended that his prior convictions — i.e. the ones that he had already served, but that influenced the calculation of his current sentence — were the product of ineffective assistance of counsel. In extending its decision in *Daniels* to cover section 2254 petitioners, the Supreme Court stated:

> Accordingly, as in *Daniels*, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [citation omitted]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04.[4]

The Supreme Court grounded its holdings in *Daniels* and *Coss* primarily on "considerations relating to the need for finality of convictions and ease of administration." *Id.* at 402. First, the Supreme Court recognized that although a state court conviction is subject to review in multiple forums, i.e. on direct appeal, state post-conviction review, and habeas review, "[t]hese vehicles for review . . . are not available indefinitely and without limitation." *Daniels*, 532 U.S. at 381. Once a conviction becomes final, "the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment." *Coss*, 532 U.S. at 403. As the Supreme Court summarized, "[o]ne of the principles vindicated by these limitations is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights.'" *Daniels*, 532 U.S. at 381 (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)).

Second, the Supreme Court reasoned that the need for ease of administration requires the limitation of collateral review of expired state convictions. *Coss*, 532 U.S. at 403. The Supreme Court stated,

> Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands. As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially.

*Id.* (citation omitted). Even though a district court has the capability of evaluating constitutional challenges, "institutional competence does not make decades-old state

4. It should be noted that in *Coss*, the Supreme Court reversed this court's *en banc* opinion allowing a habeas petitioner to challenge his prior state convictions when they were used to enhance his current sentence. *See Coss v. Lackawanna County Dist. Attorney*, 204 F.3d 453 (3d Cir. 2000) (*en banc*), rev'd, 532 U.S. 394.

court records and transcripts any easier to locate." *Daniels*, 532 U.S. at 379.

Applying this analysis here, the District Court correctly ruled that *Daniels* and *Coss* control the disposition of Drakes's habeas petition. Like *Daniels* and *Coss*, Drakes, who had an opportunity to challenge his state convictions, is now seeking to challenge his removal order by arguing the illegality of his prior state convictions. Drakes failed to file a direct appeal, and his attempt to file a state post-conviction challenge was unsuccessful on state law grounds. His forgery convictions are no longer in their own right open to direct or collateral attack.[5] Thus, Drakes is without recourse.

Although *Daniels* and *Coss* dealt with submissions under sections 2255 and 2254, and as such dealt with challenges to an enhanced prison sentence, the Supreme Court's reasoning is equally applicable to the present situation. There is no meaningful difference between a collateral attack on an expired state conviction underlying removal proceedings and a collateral attack on an expired state criminal conviction underlying an enhanced sentence.[6] *See Contreras v. Schiltgen*, 122 F.3d 30, 31-32 (9th Cir. 1997), *rehearing granted*, 151 F.3d 906 (9th Cir. 1998) (affirming dismissal of an alien's 28 U.S.C. § 2241 petition and holding that he "may not collaterally attack his state court conviction in a habeas proceeding against the INS"); *Neyor v. INS*, 155 F. Supp. 2d 127, 137 (D.N.J. 2001) ("[prior cases] suggest that this Court should not review the validity of an expired conviction under § 2241 where that conviction serves as a predicate for INS detention").

Drakes makes two arguments in an attempt to distinguish *Daniels* and *Coss* from the present case. First,

---

5. As the District Court noted, Drakes "did not file a timely direct appeal, and by the time he filed his motion for state post conviction relief, he was finished serving the state sentence, and thus his motion was untimely." App. at 35-36. Additionally, Drakes missed his chance to file a section 2254 petition in a federal court. App. at 36.

6. Drakes does not argue in his brief that *Daniels* and *Coss* may be distinguished from the present case based on any language in 28 U.S.C. §§ 2241, 2254, or 2255.

he contends that there is a "disparity of culpability" between himself, a lawful permanent resident, and the criminal defendants in *Daniels* and *Coss*. Essentially, Drakes claims that unlike *Daniels* and *Coss*, he may or may not be a criminal. In other words, if he prevails on his collateral claim, his record may be wiped clean whereas in *Daniels* and *Coss*, even if the criminal petitioner succeeds in challenging his enhanced sentence, he is still an offender serving a sentence for a criminal offense.

Drakes points to no case law to support his argument. Moreover, Drakes fails to address the Supreme Court's reasoning for prohibiting collateral attacks — i.e. the ease of administration of justice and the finality of a judgment. Whether a petitioner challenges a prior state conviction in the context of a sentencing enhancement or in the context of an order of removal, "the goals of easy administration and finality have ample 'horsepower' to justify foreclosing relief" under a federal post conviction proceeding. *Daniels*, 532 U.S. at 383.

Drakes also contends that the consequences of an order of deportation may be more severe than the term of imprisonment imposed in the ordinary criminal case. Pet.'s Br. at 13. Drakes argues that, in some cases, the punishment of deportation is greater than an enhanced sentence. Indeed, the Supreme Court has recognized that, "[t]hough deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. That deportation is a penalty — at times a most serious one — cannot be doubted." *Bridges v. Wixon*, 326 U.S. 135, 154 (1945). However, removal of an alien who violates the immigration laws does not constitute punishment but, rather, is a civil action necessary to enforce the country's immigration laws. Even if removal involves a greater potential injury to a petitioner than an enhanced sentence, such an injury does not outweigh the interests of finality and ease of administration. Allowing Drakes another chance to collaterally attack his prior convictions would "sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction

directly. Nothing in the Constitution or [Supreme Court] precedent requires such a result." *Daniels*, 532 U.S. at 383.

Finally, in *Daniels* and *Coss*, the Supreme Court recognized two possible exceptions to this rule. First, the Court recognized that defendants may challenge the prior conviction where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404. Second, the Court suggested, but expressly chose not to define, an exception in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 383. Neither exception applies here.

Drakes was represented by counsel throughout his state court criminal proceedings and does not advance a *Gideon* claim in his habeas petition. Rather, his claims are limited to ineffective assistance of counsel, that his guilty plea was not knowing and intelligent, and violation of his rights under the Vienna Convention on Consular Relations. The " 'failure to appoint counsel for an indigent defendant [is] a unique constitutional defect' that justifie[s] the exception for challenges concerning *Gideon*." *Daniels*, 532 U.S. at 378 (citation omitted). Drakes's constitutional claims do not rise to that level.

Drakes does not argue that this is one of those "rare cases" where a petitioner did not have any available channel of review, and such an argument would be unsuccessful. Drakes had ample time to seek review of his state convictions on direct appeal or through post-conviction or habeas review. On March 4, 1999, when the INS initiated removal proceedings against Drakes, Drakes still had the option of pursuing a challenge to his state conviction. Until Drakes's state sentence of probation ended on August 3, 1999, Drakes had the opportunity to seek post-conviction relief in state court. However, Drakes failed to take advantage of this opportunity, waiting until December 8, 1999 to move for state post-conviction relief. That motion was denied because he was no longer in state custody. *State v. Drakes*, 1999 WL 1222689, at *1 (Del. Super. Ct. Dec. 8, 1999). His failure to seek appropriate

review resulted in forfeiture of his right to challenge his state convictions.

In his dissent in *Daniels*, Justice Souter aptly recognized that a petitioner "may well have forgone direct challenge because the penalty was not practically worth challenging, and may well have passed up collateral attack because he had no counsel to speak for him." 532 U.S. at 391. Justice Souter's concerns, which did not persuade the majority of the Supreme Court, do not apply here. Drakes was on notice of the consequences of his convictions. Not only was he warned of possible deportation by his plea agreement, but the INS initiated removal proceedings five months before the exhaustion of his state sentence. Consequently, Drakes had ample opportunity and incentive to challenge his state convictions through direct appeal or post-conviction review, but he chose not to pursue such relief. Thus, neither possible exception to the *Daniels/Coss* rule applies here.

## III.

## CONCLUSION

We affirm the District Court's decision to extend the Supreme Court's holdings in *Daniels* and *Coss* to bar in a section 2241 habeas proceeding a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal. Drakes closed the door on review of his state convictions by failing to timely pursue a remedy through direct appeal, state post-conviction review, or a habeas petition. The District Court's decision is affirmed.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*