

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2006

# de Leon Morillo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"de Leon Morillo v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3150
_____

CESAR DE LEON MORILLO,

Petitioner

V.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
Immigration Judge Grace A. Sease
(Agency No. A90 275 698)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  January 19, 2006)

_____

OPINION
_____

PER CURIAM

Cesar De Leon Morillo petitions for review of a final order of removal of the

Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

De Leon Morillo is a native and citizen of the Dominican Republic. He entered the United States in 1985 without inspection, and became a lawful permanent resident in 1992. De Leon Morillo pled guilty in New York state court to two charges of the criminal sale of a controlled substance in the third degree (cocaine), a class B felony. In 2002, he received a concurrent sentence of two to six years in prison.

The Immigration and Naturalization Service charged De Leon Morillo with being subject to removal from the United States as an alien convicted of an aggravated felony, as defined in Section 101(a)(43)(B) of the Immigration and Nationality Act, and a violation of a law or regulation relating to a controlled substance. In April 2004, after a hearing, the Immigration Judge found De Leon Morillo removable as charged, and ordered his removal to the Dominican Republic. De Leon Morillo did not seek relief from removal. In August 2004, the BIA affirmed, without opinion, the result of the Immigration Judge's decision, making it the final agency determination under the immigration regulations. 8 C.F.R. § 1003.1(e)(4).

In September 2004, De Leon Morillo filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, claiming that the Government failed to meets its burden of proving that he is removable. The District Court stayed De Leon Morillo's removal, and transferred his habeas petition to this Court to be treated as a petition for review pursuant to the Real ID Act, Pub. Law No. 109-13.

2

We have jurisdiction pursuant to Section 106(c) of the Real ID Act. Although the Government argues that we lack jurisdiction due to De Leon Morillo's criminal convictions, our jurisdiction extends to questions of law raised upon a petition for review, including petitions for review of removal orders based on aggravated felony convictions. Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005).

De Leon Morillo argues that the Government did not satisfy its burden under 8 U.S.C. § 1229a(c)(3)(A) of proving he is removable based upon a criminal conviction. He contends the Government failed to introduce at the hearing before the Immigration Judge the sentencing minutes and plea minutes in his state criminal proceedings, and laboratory reports on the controlled substances involved in his crimes. This argument lacks merit.

Section 1229a(c)(3)(B) provides that any of the following documents constitutes proof of a criminal conviction: (i) an official record of judgment and conviction; (ii) an official record of plea, verdict, and sentence; (iii) a docket entry from court records that indicates the existence of the conviction; (iv) official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction; (v) an abstract of a record of conviction prepared by the court or certain State officials that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence; (vi) any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of the conviction; and (vii) any document or record attesting to the

3

conviction that is maintained by an official of a State or Federal penal institution, which is the basis for the institution's authority to assume custody of the individual named in the record. 8 U.S.C. § 1229a(c)(3)(B).

Among other documents, the Government submitted a New York state court document entitled "Sentence and Commitment," which reflects that De Leon Morillo received a sentence of two to six years for his convictions for the criminal sale of a controlled substance in the third degree. The Government also submitted De Leon Morillo's Pre-Sentence Investigation report which reflects his convictions. These documents fall squarely within subsection (vi) of Section 1229a(c)(3)(B). In addition, De Leon Morillo admitted he was convicted of the criminal sale of a controlled substance in the third degree at his hearing before the Immigration Judge. Although De Leon Morillo claims his plea was unknowing, a challenge to his conviction is not properly before the Court. See Drakes v. INS, 330 F.3d 600, 605 (3d Cir. 2003) (holding that a habeas petitioner cannot collaterally attack the conviction serving as a predicate for a removal order).

Accordingly, we will deny the petition for review.