

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# USA v. Elliot

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Elliot" (2006). *2006 Decisions.* Paper 1089.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1089

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2612
_____

UNITED STATES OF AMERICA

vs.

TEXROY JOSEPH ELLIOT,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00222)
Chief District Judge:  The Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

BEFORE: SCIRICA, Chief Judge, and  NYGAARD,  Circuit Judge.,
and YOHN,[*] District Judge.


(Filed: May 18, 2006)


_____


_____

        *Honorable William H. Yohn, Jr., Senior District Judge for the United States District
Court for  the Eastern District of Pennsylvania, sitting by designation.

_____

NYGAARD, Circuit Judge.

Appellant, Texroy Joseph Elliot challenges his conviction and sentence for illegally reentering the United States following his deportation. He challenges (1) the District Court's exclusion of evidence; (2) the sufficiency of the evidence underlying the jury's verdict and; (3) the District Court's refusal to exercise its discretion to grant a him downward departure based on alleged cultural assimilation, or in the alternative, that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).

**I**.

Elliot first argues that the District Court improperly excluded evidence he presented to collaterally attack his deportation order and underlying state convictions. To launch a successful collateral attack on a deportation order under 8 U.S.C. § 1326(d), an alien must exhaust any administrative remedies available to seek relief from that order, the deportation proceedings at which the order was entered must have deprived the alien of the opportunity for judicial review, and the entry of the order must have been fundamentally unfair. We have held that "all three [requirements] must be met before an alien will be permitted to mount a collateral challenge to the underlying removal order." *United States v. Torres,* 383 F.3d 92, 99 (3d Cir. 2004).

First, and fatal to his appeal, the record reveals that Elliot failed to exhaust his administrative remedies in the nearly three years between the entry of the order and his

deportation. From the entry of the order in 1999 to his 2001 deportation, Elliot was in the custody of the Commonwealth of Pennsylvania and could have directed the attorney who represented him at his deportation hearing to appeal the decision of the immigration judge. Elliot did not do so.

Elliot also argues that the attorney who represented him at the deportation hearing was ineffective because he failed to argue that Elliot's earlier guilty pleas on two drug charges were the result of ineffective assistance of counsel. His claim is without merit. It is well settled that Elliot cannot collaterally challenge the lawfulness of the state convictions underlying the deportation order. *See Drakes v. INS*, 330 F.3d 600, 601 (3d Cir. 2003), *cert. denied*, 540 U.S. 1008 (2003). Elliot's argument should have been made on direct appeal, in a post-conviction relief petition or in a federal habeas petition on that ground.

## II.

Elliot next challenges the sufficiency of the evidence underlying his conviction for illegal reentry even though he conceded under oath that neither sought nor received permission before knowingly reentering the United States. Because Elliot failed to raise this issue before the District Court, we apply a plain error analysis. *See United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997). We may correct an error that was not objected to in the District Court only if it affects Elliot's substantial rights. *See id*. We must sustain the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180,

3

187 (3d Cir. 1998). We conclude that there was no error, much less plain error, and that the evidence presented and considered by the jury sufficiently supported the guilty verdict. The record reflects the following facts. Elliot was born in Jamaica and came to the United States as a permanent resident, his status contingent upon obeying all immigration laws. He admitted under oath that he is a citizen of Jamaica and a alien in the United States. According to the records of the Immigration and Customs Enforcement Agency ("ICE"), Elliot was deported in 2001 because he was convicted of drug-related felonies in violation of the immigration laws. *See* 8 U.S.C. §§ 1326(b)(1) and (b)(2). He also admitted under oath that he had been deported. He knowingly returned to the United States and also admitted this under oath. Lastly, he neither sought nor received permission to reenter from either the Attorney General or the Secretary of the Department of Homeland Security. Records show that Elliot was unlawfully in the United States at least by May 2003 when he was arrested and convicted in Pennsylvania for marijuana possession. However, two separate searches of ICE records by ICE headquarters produced no evidence that Elliot ever sought or received permission for reentry, and he later admitted under oath that he did not do so. Based on this evidence, we conclude that a rational trier of fact could have found the essential elements of the crime of illegal reentry beyond a reasonable doubt. Consequently, the evidence presented was more than sufficient to support the jury's guilty verdict, and it will be sustained.

**III.**

4

Finally, we conclude that the District Court understood its authority to depart downward, lawfully exercised it discretion when it denied Elliot a downward departure[1] and appreciated the now-advisory nature of the United States Sentencing Guidelines, and so lack jurisdiction to review the Court's refusal to grant a downward departure. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989) ("To the extent this appeal attacks the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines, it will be dismissed for lack of appellate jurisdiction.").

**IV.**

The Judgment of the District Court will be affirmed.

---

[1]The District Court denied Elliot's motion for a downward departure because of his extensive criminal history, including convictions both preceding and following his deportation.