**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2263
_____

JOSE NETO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of
the Secretary of Homeland Security
(Agency No. A096-415-556)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before: AMBRO, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 13, 2013)
_____

OPINION
_____

PER CURIAM

Jose Neto, a citizen of Brazil, petitions for review of a final administrative order of

removal ("FARO") issued by the Secretary of Homeland Security. For the following

reasons, we will dismiss the petition for lack of jurisdiction.

I.

Neto, a native and citizen of Brazil, was found guilty and convicted in the United States District Court for the District of Massachusetts for various charges relating to alien smuggling.  United States v. Neto, 659 F.3d 194 (1st Cir. 2011), cert. denied, 132 S. Ct. 1611 (2012).  He is currently serving a sixty-month sentence at the Moshannon Valley Correctional Institution.

On February 28, 2012, the Department of Homeland Security ("DHS") served Neto with a Notice of Intent placing him in expedited administrative removal proceedings pursuant to 8 U.S.C. § 1228(b), and charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon as defined by 8 U.S.C. § 1101(a)(43)(N) (relating to alien smuggling).  Neto contested removability, arguing that his conviction was not final for immigration purposes in light of his then-pending appeal of the denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  He did not request withholding or deferral of removal.  The proceedings were referred to Scott Blake, DHS Assistant Field Office Director in Allenwood, Pennsylvania, who determined that Neto was ineligible for any relief from removal and, acting in his capacity as a delegate of the Secretary of Homeland Security, issued a FARO ordering Neto removed to Brazil on April 6, 2012.[1]

Neto filed a "Motion to Review Deportation Order" with the District Court for the Middle District of Pennsylvania on April 24, 2012.  The District Court transferred the

---

[1] The FARO was served on Neto on April 12, 2012.

motion to this Court to be docketed as a petition for review, and the Government has moved to dismiss for lack of jurisdiction.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review expedited removal orders. "Because the basis for removal is [Neto's] conviction for an aggravated felony, our jurisdiction is limited under the REAL ID Act to 'constitutional claims or questions of law.'" Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc); 8 U.S.C. § 1252(a)(2)(C). As a threshold matter, such claims must be colorable, e.g., they must not be "wholly insubstantial and frivolous." Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (citations omitted).

## III.

Neto's principal claims are (1) that he was a conditional lawful permanent resident at the time of his proceedings and therefore ineligible for expedited removal, (2) that the government was barred from ordering him removed prior to the conclusion of his then-pending appeal of his § 2255 motion, and (3) that his due process rights were violated because he was not afforded an opportunity to appear before an Immigration Judge.[2] For

---

[2] Neto also claimed that the government failed to commence removal proceedings within five years of his purported adjustment of status as required by 8 U.S.C. § 1256(a), the predicate conviction for his removal was obtained through entrapment, and that he was denied counsel. Each of these claims is without merit. Because Neto was ordered removed as an aggravated felon, and not due to any error in adjusting his status, 8 U.S.C. § 1256(a) is inapplicable. See Garcia v. Att'y Gen., 553 F.3d 724, 726 (3d Cir. 2009). Neto may not challenge that conviction in immigration proceedings. See Drakes v. INS, 330 F.3d 600, 604 (3d Cir. 2003). Finally, Neto was informed of his right to counsel and

the reasons explained below, none of these claims is colorable and, consequently, none is within the ambit of our limited jurisdiction. <u>See</u> 8 U.S.C. § 1252(a)(2)(C); <u>Pareja</u>, 615 F.3d at 186.

First, Neto argues that he should not have been subjected to expedited removal proceedings because DHS did not properly terminate his conditional permanent resident status, provided by 8 U.S.C. § 1186a(b). <u>See</u> 8 U.S.C. § 1228(b)(2)(A) (restricting expedited removal proceedings to aliens "not lawfully admitted for permanent residence"). This argument is belied by the Declaration of Douglas P. Sabins, an officer with U.S. Immigration and Customs Enforcement, which Neto submitted with his brief. Brief for Petitioner at Exhibit A. Sabins indicated that Neto's two-year conditional resident status expired in November 2006 because he failed to petition to remove the conditional basis of his status. <u>Id.</u> If a petition to remove the conditional basis is not submitted within the 90-day period immediately preceding the second anniversary of obtaining the conditional permanent resident status, the status is terminated by operation of statute. <u>See</u> 8 U.S.C. §§ 1186a(c)(2); (d)(2)(A).

Neto's claim that the government was barred from ordering him removed prior to the conclusion of his then-pending appeal of his § 2255 motion was similarly frivolous. His direct appeal concluded one week prior to service of the Notice of Intent. <u>See</u> <u>Neto,</u>

---

does not contest that he was provided a list of free legal services, A.R. 2; his failure to secure representation prior to his hearing does not constitute a violation of the right to due process. <u>See</u> <u>Ponce-Leiva v. Ashcroft,</u> 331 F.3d 369, 376-77 (3d Cir. 2003) (explaining that the inability to obtain counsel does not constitute a violation of the right to counsel or due process).

4

132 S. Ct. 1611 (denying certiorari on February 21, 2012). Any pending collateral motion, such as his § 2255 motion, "does not vitiate finality [for immigration purposes], unless and until the convictions are overturned as a result of the collateral motions." Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Accordingly, DHS did not err in treating his conviction as final, and Neto's contrary arguments are frivolous.

Finally, Neto argues that he should have been afforded an opportunity to appear before an Immigration Judge. Under 8 C.F.R. § 238.1(f)(3), an alien found removable in expedited proceedings can request withholding of removal; the case is then referred to an asylum officer for a "reasonable fear" determination. Id.; see Bamba v. Riley, 366 F.3d 195, 197 (3d Cir. 2004). Although Neto claims that he requested withholding of removal, he did not do so in his acknowledgment of receipt of the Notice of Intent. Instead, he indicated only that he wished to contest his removability. Accordingly, this claim, too, is insubstantial.[3]

IV.

---

[3] Neto's claim may also be construed as attacking the jurisdiction of a delegate of the Secretary of Homeland Security to issue a FARO. Although the expedited administrative removal statute authorizes the Attorney General to issue an order of removal to qualified aliens, that authority was delegated to the former Immigration and Naturalization Service ("INS"). The functions of the INS, including the proceedings at issue here, were transferred to DHS by the Homeland Security Act enacted in 2002. See 6 U.S.C. §§ 251, 557. Accordingly, the detention and removal functions formerly implemented by the Attorney General have been transferred to the Secretary of Homeland Security or his delegates.

As Neto does not present any colorable constitutional claims or questions of law, we will grant the Government's motion to dismiss the petition for review for lack of jurisdiction.