**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1313
_____

MANUEL J. BERMUDEZ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A092-791-605)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed May 30, 2013)
_____

OPINION
_____

PER CURIAM

        Manuel J. Bermudez petitions for review of the Board of Immigration Appeals'

("BIA" or "Board") dismissal of his appeal.  For the following reasons, we will dismiss

in part and deny in part the petition for review.

Bermudez, a citizen of Nicaragua, entered the United States in 1970 and was granted lawful permanent resident status in 1989. In 2004, he was convicted of two counts of sexual contact with a minor, five counts of attempting to lure or entice a minor into a motor vehicle, and attempted bail jumping, in violation of N.J. Stat. Ann. §§ 2C:13-6, 2C:14-3B, and 2C:29-7, and sentenced to four years' incarceration. Bermudez was later served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis of an aggravated felony conviction as defined by INA § 101(a)(43)(A) & (T).

At a hearing before the Immigration Judge ("IJ"), Bermudez conceded the factual allegations contained in the Notice to Appear. The IJ found him removable as charged based upon his admissions and the records of conviction and ordered him removed to Nicaragua. Bermudez asked for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). The IJ determined that Bermudez's convictions rendered him ineligible for asylum and withholding of removal and denied his request for CAT relief because he had not demonstrated that he would likely face torture upon his return to Nicaragua.

On appeal to the BIA, Bermudez asserted that his service in the United States military resulted in his acquisition of United States citizenship; however, the Board noted that he had never submitted an application for naturalization and did not, in any event,

establish that he met the requirements of 8 U.S.C. § 1440(a).[1]  The BIA also noted that it lacked the authority to go behind the record of conviction to determine Bermudez's guilt or innocence and that his pending collateral attack on his convictions in state court did not negate the finality of his convictions for immigration purposes.  Finally, the Board determined that Bermudez had not established any constitutional violations.  This petition for review followed.

## II.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Bermudez, who is removable for having been convicted of an aggravated felony.  8 U.S.C. § 1252(a)(2)(C).  We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review.  See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006).

## III.

As an initial matter, Bermudez has not challenged the Board's dismissal of his appeal from the IJ's determination that his aggravated felony convictions rendered him ineligible for asylum and withholding of removal and the IJ's denial of CAT relief.  As a

---

[1] This statute allows for naturalization through active-duty service in the Armed Forces during World War I, World War II, the Korean hostilities, or other periods of military hostilities if certain requirements are established.

3

result, these issues are waived.[2]  See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d

Cir. 2010) (arguments not raised in opening brief are waived).  Nevertheless, the BIA

plausibly determined that Bermudez was not eligible for deferral of removal under the

CAT because he did not present evidence indicating that it was more likely than not that

he would face torture upon his return to Nicaragua.  See 8 C.F.R. § 1208.16(c)(2).

In his brief here, Bermudez first asserts that he was wrongfully accused of the

various crimes for which he was convicted.  Collateral attacks of this kind are not

permitted in removal proceedings.  See Drakes v. I.N.S., 330 F.3d 600, 601 (3d Cir.

2003).  Likewise, his desire to seek post-conviction relief is immaterial, as his

convictions remain final for immigration purposes despite any pending collateral attack.

Paredes v. Att'y Gen., 528 F.3d 196, 198-90 (3d Cir. 2008).  Bermudez further alleges

that his First, Fourth, Fifth, Sixth, and Eighth Amendment rights have been violated.

However, he has not provided any argument to support his claims, and we have not

discerned any such violations from the record.

As to Bermudez's claim that he acquired citizenship by way of his service in the

United States military, the Board plausibly concluded that Bermudez had not

demonstrated that he had ever filed an application for naturalization or that he even met

---

[2] In any event, we perceive no error in the IJ's conclusions.  See 8 U.S.C.
§§ 1101(a)(43)(A) & (T), 1158(b)(2)(B)(i); Chong v. Dist. Dir., 264 F.3d 378, 388 (3d
Cir. 2001) (describing the individualized assessment necessary to determine whether an
alien's conviction was for a "particularly serious crime," thereby making him ineligible
for withholding of removal).

4

the requirements in 8 U.S.C. § 1440(a) for naturalization through active-duty service. Nor do we think the BIA erred in failing to terminate Bermudez's removal proceedings so that he could now apply for naturalization. See Nolan v. Holmes, 334 F.3d 189, 190 (2d Cir. 2003) (construing a claim like Bermudez's in this way). To obtain naturalization now, Bermudez would need to establish good moral character, and his conviction for an aggravated felony precludes that. O'Sullivan v. USCIS, 453 F.3d 809, 817 (7th Cir. 2006); Nolan, 334 F.3d at 202.

In his brief, Bermudez appears to assert that his removal would work a hardship on his family. He did not exhaust this claim before the BIA, and we therefore lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 f.3d 356, 365 (3d Cir. 2012). Nevertheless, we would lack jurisdiction to consider any discretionary decision, including any "exceptional and extremely unusual" hardship determination. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010).

## IV.

For the foregoing reasons, we will dismiss the petition for review in part and deny it in part.

5