**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2092
_____

RAMON EDILIO GOMEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-426-808)
Immigration Judge:  Honorable Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2014

Before: JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  February 10, 2014)
_____

OPINION
_____

PER CURIAM

Ramon Edilio Gomez, a native and citizen of the Dominican Republic, petitions

for review of a final order of removal entered by the Board of Immigration Appeals (the

"Board") on March 22, 2013. For the following reasons, we will deny the petition for review.

Gomez was admitted to the United States on June 30, 1988, as a lawful permanent resident. In 2011, a grand jury in North Carolina returned an indictment against him containing one count of conspiracy to ship, transport, receive and possess contraband cigarettes and transport stolen property, in violation of 18 U.S.C. §§ 2342(a), 2314, and 371 (Count 1); two counts of shipping, transporting, receiving, and possessing contraband cigarettes and aiding and abetting, in violation of 18 U.S.C. §§ 2342(a) and 2 (Counts 2 and 3); and one count of transporting in interstate commerce stolen property and aiding and abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Count 4). (A.R. 109-18.) The government alleged that Gomez conspired to import stolen and untaxed cigarettes from North Carolina and resell them in New Jersey, without paying New Jersey's cigarette excise tax. Gomez pleaded not guilty to Counts 1 and 4 and guilty to Counts 2 and 3. Following a bench trial, the District Court found Gomez guilty of Counts 1 and 4, and subsequently sentenced him to thirty months' imprisonment on each count, to be served concurrently. (A.R. 86.)

The Department of Homeland Security ("DHS") initiated removal proceedings against Gomez by filing a Notice to Appear ("NTA") in 2012. The NTA charged him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, specifically, a theft offense (including receipt of stolen property) for which the term of imprisonment was at least one year. (A.R. 182.) See 8 U.S.C.

2

§§ 1101(a)(43)(G) and (U). Gomez denied DHS's allegations and denied the charge of removability.

The Immigration Judge ("IJ") issued a "Ruling on Aggravated Felony," finding that Gomez's federal conviction under 18 U.S.C. §§ 2314 and 2 constituted a theft offense and aggravated felony as defined in 8 U.S.C. §§ 1101(a)(43)(G) and (U). (A.R. 121-22.) Gomez was ordered removed on November 13, 2012. (A.R. 38-39.) The Board affirmed the IJ's decision without an opinion. (A.R. 3.) Gomez timely filed a petition for review.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Gomez, who is removable for having been convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review. See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006). Whether Gomez was convicted of an offense that constitutes an aggravated felony is a legal question we review de novo. Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010). When the Board affirms the IJ's decision without an opinion, we review the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

The issue presented here is whether the IJ properly determined that Gomez's conviction under 18 U.S.C. §§ 2314 and 2 constituted an aggravated felony. Gomez argues that the statute under which he was convicted, 18 U.S.C. § 2314, is a divisible statute, and that the government failed to meet its burden of proving that the part of the

3

statute pertaining to transporting stolen goods formed the basis of his conviction.  He claims that the contraband cigarettes were not stolen because he purchased them from a confidential informant who, in turn, purchased them from the government.  The government points out that Gomez was found guilty of Counts 1 and 4 of the indictment, both pertaining to transporting stolen property.  Gomez's conviction is no longer open to direct or collateral attack, and he cannot challenge his removal order by arguing the illegality of his conviction.  See Drakes v. I.N.S., 330 F.3d 600, 604 (3d Cir. 2003).

The District Court found Gomez guilty of transporting stolen property under Counts 1 and 4 of the indictment.  The Board has made clear that anyone who receives stolen property and resolves to keep or sell it has committed the offense of receiving stolen property.  In re Bahta, 22 I. & N. Dec. 1381, 1391 (BIA 2000).  We perceive no error in the IJ's conclusion that Gomez's conviction under 18 U.S.C. §§ 2314 and 2 constituted a theft offense and an aggravated felony as defined in the INA.[1]  8 U.S.C. §§ 1101(a)(43)(G) and (U).  (A.R. 121-22.)  Therefore, Gomez's petition for review will be denied.

---

[1] The IJ properly adhered to the modified categorical approach here because Gomez's statute of conviction "lists elements in the alternative."  Rojas v. Att'y Gen., 728 F.3d 203, 215 (3d Cir. 2013) (citing Descamps v. United States, 133 S. Ct. 2276, 2281 (2013)).  The IJ first defined receipt of stolen property consistent with Bahta and then, based on the indictment and judgment, determined that the convictions on Counts 1and 4 constituted theft offenses and aggravated felonies.  Descamps, 133 S. Ct. at 2284-85.