**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1879
_____

RACHID LEGUESSIR,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A047 507 223)
Immigration Judge: John Ellington

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2020
Before:  SHWARTZ, RESTREPO and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 14, 2020)
_____

O P I N I O N*
_____

PER CURIAM

    Rachid Leguessir, proceeding pro se, petitions for review of a decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of an

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Immigration Judge ("IJ") ordering his removal from the United States. For the reasons that follow, we will deny the petition for review.

Leguessir is a native and citizen of Morocco. He was admitted to the United States in 2001 as an immigrant. Leguessir was arrested in April 2010 and charged with possession of a controlled substance (cocaine) and other crimes in Pennsylvania state court. He was admitted into Pennsylvania's Accelerated Rehabilitation Disposition ("ARD") program in July 2010. Upon successful completion of a probationary period, the charges would be expunged. See Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005) (discussing ARD program).

Shortly thereafter, Leguessir was arrested and a second set of criminal charges were filed in Pennsylvania state court. In October 2010, he was convicted of possession of a controlled substance (cocaine) and sentenced to time served to twelve months in prison.[1] Leguessir was later taken into immigration custody and removal proceedings were initiated. He was granted cancellation of removal in 2011.[2] In 2013, an order was issued in Leguessir's first criminal case terminating him from the ARD program. He pleaded guilty to possession of a controlled substance (cocaine) in 2016.

---

[1] The IJ's decision states that Leguessir was convicted in Delaware, but he was convicted in Delaware County, Pennsylvania.

[2] The administrative record does not include the record of these proceedings. It is undisputed that Leguessir was granted cancellation of removal.

2

In 2018, the Department of Homeland Security ("DHS") issued a notice to appear charging that Leguessir was subject to removal for having been convicted of violating a law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. See 8 U.S.C. § 1227(a)(2)(B)(i). The IJ found Leguessir removable based on his 2016 conviction, noted that he had filed no applications for relief, and ordered his removal.[3]

The BIA dismissed Leguessir's appeal. The BIA ruled that DHS had established that he was subject to removal based on his 2016 conviction. The BIA applied the modified categorical approach and determined based upon the judgment of sentence that Leguessir was convicted of possessing cocaine, a controlled substance for purposes of the removal statute. The BIA rejected Leguessir's argument that there was no evidence of the amount of cocaine involved in his offense because any amount subjects him to removal under the statute. The BIA noted that his state court petition for post-conviction relief did not support continuing his case and that he could not collaterally challenge his conviction in his removal proceedings.

The BIA also stated that Leguessir did not appear to be eligible for any relief from removal. It noted that he was ineligible for cancellation of removal because he had been

---

[3]The IJ stated that he was sympathetic to Leguessir's situation because it appeared that he was dismissed from the ARD program and then convicted because he was in immigration custody in 2011. The reason Leguessir was terminated from the program is unclear. He said that he was in immigration custody and could not attend. A DHS record suggests that the termination was due to his October 2010 conviction.

3

granted this relief before. The BIA stated that, while Leguessir argued that he did not knowingly pursue cancellation of removal in his prior removal proceeding due to the pending criminal charges, those proceedings were separate from his current proceedings and his request to reopen them was not properly before it. The BIA also stated that the grant of cancellation of removal in 2011 did not eliminate the adverse immigration consequences of any earlier criminal misconduct and that DHS's discretionary decision to initiate the present removal proceedings was not reviewable.

Leguessir filed a pro se petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because Leguessir is removable for having been convicted of violating a law related to a controlled substances, our jurisdiction is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D). Our standard of review is de novo. Myrie v. Att'y Gen., 855 F.3d 509, 515 (3d Cir. 2017).

Leguessir asserts in his brief that he was not advised of the immigration consequences of pleading guilty in his criminal case. To the extent Leguessir challenges the validity of his 2016 conviction under Padilla v. Kentucky, 559 U.S. 356 (2010), such an argument is not properly before us. See Drakes v. I.N.S., 330 F.3d 600, 601 (3d Cir. 2003) (a petitioner may not challenge a removal order by arguing the illegality of prior state convictions).

Leguessir also contends that he applied for cancellation of removal in his first removal proceeding without knowing that his notice to appear did not include all of his charges of removability, and that DHS misled him to believe that the charges brought in that proceeding were the only ones that he faced. He states that he had violated the terms

of the ARD program before his cancellation of removal hearing. While Leguessir's first removal proceeding is not before us, DHS could not have brought removal charges in that proceeding based on the criminal charges for which he was admitted to the ARD program because he was not convicted until 2016, five years after he was granted cancellation of removal. Leguessir has not shown that relief is due based on the initiation of his second removal proceeding. Cf. Duhaney v. Att'y Gen., 621 F.3d 340, 352 (3d Cir. 2010) (res judicata did not bar government from lodging new removal charges based on convictions it had not previously raised).

Leguessir also argues that DHS did not sustain its burden to establish that he is removable for having been convicted of violating a law relating to a controlled substance. He asserts that there is no evidence of an actual amount of a controlled substance involved in his offense, and that DHS cannot prove with clear and convincing evidence that his offense was for a controlled substance as defined by the removal statute or for anything other than possession of drug paraphernalia and disorderly conduct, the other charges brought against him. As recognized by the BIA, with the exception of certain offenses involving marijuana, the amount of the controlled substance is not relevant in determining his removability. See 8 U.S.C. § 1227(a)(2)(B)(i). The conviction records establish that Leguessir was convicted of possession of cocaine, a controlled substance as defined in 21 U.S.C. § 802, and that the remaining charges were dismissed.

Accordingly, we will deny the petition for review.[4]

---

[4]Leguessir does not challenge the BIA's use of the modified categorical approach and we do not consider its decision in this regard.