**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

Nos. 23-2525 & 23-2563
_____

HUI XU,
　　　　　Appellant in 23-2525

v.

DHS/ICE OFFICE OF CHIEF COUNSEL;
ANASTASIA S. WILLIAMS, Criminal Attorney for Hui Xu;
FABIAN LIMA, Immigration Attorney for Hui Xu
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-23-cv-00839)
District Judge: Honorable Marilyn J. Horan
_____

HUI XU,
　　　　　Petitioner in 23-2563

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-238-301)
Immigration Judge: Alice Song Hartye
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 3, 2024
Before: KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

_____

OPINION[*]

_____

**PER CURIAM**

Hui Xu, a citizen of China, petitions for review of a Board of Immigration Appeals' order denying her motion to reopen removal proceedings. For the following reasons, we will deny the petition in part and dismiss it in part.

Xu, who entered the United States in 2008 and became a lawful permanent resident in 2012, operated massage businesses in the Pittsburgh area. In 2019, Xu pleaded guilty in the Court of Common Pleas of Westmoreland County to human trafficking, promoting prostitution, and conspiracy. The Government initiated removal proceedings against Xu in 2021, charging her with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as having been convicted of aggravated felonies under 8 U.S.C. § 1101(a)(43)(K)(i) (owning, controlling, managing or supervising a prostitution business), (a)(43)(K)(iii) (human trafficking), and (a)(43)(U) (conspiracy). Xu conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She argued that she feared returning to China because, among other things, she would be tortured in a reeducation camp due to her convictions. Through counsel, Xu conceded that she was barred from asylum and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

withholding of removal due to her convictions, and the IJ denied CAT relief. The Board dismissed her appeal in November 2021; Xu did not file a petition for review.

In 2023, Xu filed a pro se motion to reopen, relying on allegedly new evidence demonstrating that she was innocent of the criminal charges. The Board denied the motion on April 18, 2023, holding that the evidence that Xu submitted failed to establish that her convictions had been vacated, that she did not present evidence that would change the denial of deferral of removal under the CAT, and that sua sponte reopening was not warranted.

On May 18, 2023, Xu filed a pro se complaint in the United States District Court for the Western District of Pennsylvania, seeking to challenge the Board's denial of relief. The District Court dismissed the complaint for lack of jurisdiction.[1] Xu appealed, and the matter was docketed here at C.A. No. 23-2525. Because Xu filed her complaint within 30 days of the denial of her motion to reopen, see 8 U.S.C. § 1252(b)(1), in the interest of justice we deemed her complaint to have been transferred to this Court for consideration as a petition for review.[2] See ECF No. 8 in C.A. No. 23-2525 (citing, inter alia, 28 U.S.C. § 1631; In re Teles AG Informationstechnologien, 747 F.3d 1357, 1361 (Fed. Cir. 2014)).

---

[1] That dismissal was proper. See E.O.H.C. v. Sec'y U.S. DHS, 950 F.3d 177, 184 (3d Cir. 2020) (explaining that district courts "lack jurisdiction to review most claims that even relate to removal").

[2] Meanwhile, in August 2023, Xu separately filed in this Court a petition for review, which also seeks review of the denial of her motion to reopen. That matter was docketed at C.A. No. 23-2563. We will dismiss that petition for review as duplicative because it challenges the same Board order that is the subject of C.A. No. 23-2525.

We have jurisdiction to review the BIA's denial of a motion to reopen under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). Because motions to reopen are ordinarily "granted only under compelling circumstances," Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021) (quoting Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004)), we review the BIA's denial of such a motion for abuse of discretion, and "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." Id.

"A motion to reopen is the proper means for an alien who has been ordered removed due to a conviction to challenge his removal after that conviction is vacated." Cruz, 452 F.3d at 246. The Board may deny a motion to reopen if it "determines that: (1) the alien has not established a *prima facie* case for the relief sought; (2) the alien has not introduced previously unavailable, material evidence; or (3) in the case of discretionary relief (such as asylum), the alien would not be entitled to relief even if the motion was granted." Caushi v. Att'y Gen., 436 F.3d 220, 231 (3d Cir. 2006) (quotation marks omitted); see 8 C.F.R. § 1003.2(c)(1). In her petition for review, Xu presented a mixed question of law and fact concerning whether the Board abused its discretion in concluding that the evidence that she presented in her motion to reopen was not "material" because it failed to demonstrate that her state court convictions had been vacated. Huang v. Att'y Gen., 620 F.3d 372, 384 (3d Cir. 2010) ("A mixed question of fact and law is one that requires application of a legal standard to a particular set of circumstances." (citation omitted)); cf. Wilkinson v. Garland, 144 S. Ct. 780, 2024 WL 1160995, at *3 (Mar. 19, 2024) (holding that the "application of a statutory legal standard

4

. . . to an established set of facts is a quintessential mixed question of law and fact" that a Court of Appeals has jurisdiction to review (citing 8 U.S.C. § 1252(a)(2)(D))).

The Board properly denied Xu's motion to reopen. In that motion, Xu argued that her state court convictions should be deemed invalid because she was not guilty, because her attorney provided ineffective assistance of counsel, and because her guilty plea was not knowingly and voluntarily entered. In support of those claims, Xu primarily relied on statements and documents supplied by her customers, friends, and employees. However, convictions are valid for immigration purposes "unless and until the convictions are overturned." Paredes v. Att'y Gen., 528 F.3d 196, 198–99 (3d Cir. 2008). Xu's material clearly did not demonstrate that "the conviction for which the government wishes to [remove her] has been vacated by a court of competent jurisdiction." Pickering v. Gonzales, 465 F.3d 263, 269 (6th Cir. 2006). Further, Xu cannot challenge her convictions in these proceedings. See Drakes v. INS, 330 F.3d 600, 604-05 (3d Cir. 2003) (holding that a petitioner may not collaterally attack a criminal judgment in removal proceedings).

We note that Xu does not challenge the Board's conclusion that she failed to present evidence that would change its earlier decision to deny CAT relief. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief); Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010). And, to the extent that Xu seeks review of the Board's decision declining to reopen the proceedings sua sponte, we lack jurisdiction. See Darby, 1 F.4th at 164. Although we have jurisdiction if

5

the Board relied on an incorrect legal premise or departed from settled practice, see id., neither exception applies here.  We have questioned whether the Board could depart, without explanation, from a "general policy" of reopening "after concluding that an alien is no longer convicted for immigration purposes."  See Cruz, 452 F.3d at 246 n.3, 250. Assuming such a policy exists, it is not implicated here, because, as explained above, there is no indication that Xu's conviction has been vacated.

For the foregoing reasons, we will dismiss in part and deny in part the petition for review filed at C.A. No. 23-2525, and will dismiss the petition for review filed at C.A. No. 23-2563 as duplicative.