**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3782
_____

BRIAN ANTHONY DAVIS,
a/k/a Stamma Unknown,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A029-574-329)
Immigration Judge: Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 20, 2017)
_____

OPINION*
_____


PER CURIAM

Brian Anthony Davis petitions for review of the Board of Immigration Appeals'

final order of removal. For the reasons that follow, we will deny the petition.

Davis, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident in May, 1982.  As a young man, Davis went to work for a criminal drug organization.  Following a jury trial in 1993 in the United States District Court for the Northern District of Texas, he was convicted of conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  The Fifth Circuit Court of Appeals affirmed the criminal judgment, see United States v. Stevens, 1995 WL 337792 (5th Cir. May 24, 1995).  In June, 2008, Davis' sentence was reduced to 360 months pursuant to Amendment 505.  After that, his sentence was further reduced to 324 months (27 years) pursuant to Amendment 706.  Davis currently is in immigration custody.

In March, 2015, the Department of Homeland Security sought Davis' removal from the United States on six different bases: as an alien convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i); as an alien convicted of aggravated felonies as defined by Immigration & Nationality Act ("INA") §§ 101(a)(43)(B) (drug trafficking), (U) (conspiracy to commit "an offense described in this paragraph"), (D) (money laundering), & (G) (theft or burglary for which the term of imprisonment is at least one year), 8 U.S.C. § 1227(a)(2)(A)(iii); and as an alien convicted of two or more crimes involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(ii).  Davis applied for protection under the Convention Against Torture, claiming that he will be tortured by criminal gangs in Jamaica, and tortured by authorities because he is a criminal returnee. He submitted background evidence in support of his application for CAT protection.

On May 10, 2016, the Immigration Judge concluded that Davis' conviction for conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 constituted an aggravated felony as defined by INA §§ 101(a)(43)(B) (drug trafficking) and 101(a)(43)(U) (conspiracy to commit "an offense described in this paragraph"), and noted that Davis had withdrawn his application for CAT protection. The IJ ordered that Davis be removed from the United States to Jamaica.

Davis appealed to the Board of Immigration Appeals. He argued that his Northern District of Texas Judgment of Conviction was insufficient to prove that he had committed an aggravated felony, and that the evidence presented at his trial was unreliable and based on false information. The Board rejected this contention, concluding that the conviction records correctly reflected the facts, and that, unless the criminal judgment was void on its face, and it was not, the agency could not "go behind" the judicial record to reevaluate Davis' guilt or innocence. Davis also made an argument based on Judulang v. Holder, 132 S. Ct. 476 (2011), and the Administrative Procedures Act, but the Board rejected it as inapposite because Davis' lengthy incarceration rendered him statutorily ineligible for § 212(c) relief under the 1990 Amendment to the INA. The Board further held that Davis was ineligible for all forms of discretionary relief except deferral of removal under the CAT and agreed with the IJ that Davis did not establish eligibility for protection under the CAT. The Board dismissed the appeal on September 19, 2016.

Davis has petitioned for review. A motions panel of this Court previously denied his motion for a stay of removal. Where the petitioner's removal order is based on a conviction for an aggravated felony, review is limited to colorable constitutional claims

3

and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Green v. Att'y Gen. of U.S., 694 F.3d 503, 506 (3d Cir. 2012). Davis does not challenge in his pro se brief the Board's determination that his conviction for conspiracy to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846, categorically constitutes an aggravated felony. Accordingly, any such challenge is waived. See Fed. R. App. P. 28(a)(7)-(8). Davis does not argue that he is eligible for CAT protection in his pro se brief, and, therefore, any such challenge is waived. Id.

We will deny the petition for review. Davis has argued, as he did before the Board, that the evidence used to convict him of a conspiracy to distribute illegal drugs was false and unreliable, see Petitioner's Brief, at 14, 17-18, but he may not collaterally attack a criminal judgment in removal proceedings. His Northern District of Texas criminal judgment, which correctly reflects the fact of his conviction and which has never been overturned, is final for immigration purposes and cannot be challenged. See Drakes v. Immigration & Naturalization Serv., 330 F.3d 600, 604-05 (3d Cir. 2003). See also Orabi v. Att'y Gen. of U.S., 738 F.3d 535, 543 (3d Cir. 2014) (conviction final for immigration purposes after direct appellate review has been exhausted); Paredes v. Att'y Gen. of U.S., 528 F.3d 196, 198-99 (3d Cir. 2008) (pendency of post-conviction motions or other forms of collateral attack do not negate finality of conviction for immigration removal purposes "unless and until the convictions are overturned as a result of the collateral motions.").

Davis further argues that the Board should have used the circumstance-specific approach to look beyond the statute of conviction, 21 U.S.C. § 846, to determine whether

4

he actually committed the drug trafficking conspiracy conduct at issue and is thus removable. See Petitioner's Brief, at 20-25. Davis' argument is without merit. In Nijhawan v. Holder, 557 U.S. 29, 37 (2009), the Supreme Court reviewed the various INA "definitions" of an aggravated felony. The Court noted that some of those definitions referred to generic crimes such as murder and rape, see, e.g., 8 U.S.C. § 1101(a)(43)(A), while others did not and instead included language related to specific circumstances, for example, § 1101(a)(43)(P) involving the forging of passports and visas. The Supreme Court specifically listed the aggravated felony definition at issue here, illicit trafficking in a controlled substance, 8 U.S.C. § 1101(a)(43)(B), as a generic crime. Nijhawan, 557 U.S. at 37. Davis is therefore removable as an aggravated felon.

Davis next argues that, even if he is removable, he is eligible to apply for § 212(c) waiver, see Petitioner's Brief, at 25-40. Relief under former INA § 212(c) remains generally available to an alien whose removal is based on a conviction entered before Congress repealed that section in 1996. See Immigration & Naturalization Service v. St Cyr, 533 U.S. 289, 326 (2001); Matter of Abdelghany, 26 I.&N. Dec. 254 (BIA 2014) (lawful permanent resident convicted in 1995 of conspiracy to commit arson and who was sentenced to 24-month term of imprisonment is eligible to apply for § 212(c) waiver). In 1990, however, *Congress* amended § 212(c) to bar discretionary relief to those convicted of an aggravated felony who had served a term of imprisonment of at least five years. Abdelghany, 26 I.&N. Dec. at 257. We agree with the Board that Davis' lengthy incarceration renders him statutorily ineligible for relief under former § 212(c) pursuant to the 1990 amendment. See Lupera-Espinosa v. Att'y Gen. of U.S., 716 F.3d

5

781, 788 (3d Cir. 2013) ("The language of the 1990 Amendment is unequivocal[.]"). Judulang, which invalidated as arbitrary and capricious the Board's "statutory counterpart rule," 132 S. Ct. at 490, does not create any right that Davis might exercise to remain in the United States. At the time that Davis filed his application for relief, Congress had already amended the statute to bar to bar discretionary relief to those convicted of an aggravated felony who had served a term of imprisonment of at least five years. See Scheidemann v. Immigration & Naturalization Serv., 83 F.3d 1517, 1518 (3d Cir. 1996). Davis' argument that the 1990 Amendment is impermissibly retroactive as applied to him, see Petitioner's Brief , at 41-47, is meritless, see Scheidemann, 83 F.3d at 1520-23. Accordingly, the Board did not err in concluding that Davis is ineligible for a § 212(c) waiver of removal.

For the foregoing reasons, we will deny the petition for review.